UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CATHY M. FORTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:13-cv-619-WTL-MJD |
| | ) | |
| RR DONNELLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss. Dkt. No. 5. The motion is fully briefed, and the Court, being duly advised, rules as follows.

## I.     STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.     BACKGROUND

Plaintiff Cathy M. Fortner ("Fortner") worked for Defendant RR Donnelley ("Donnelley"), beginning in September 2000.

On September 26, 2012, Fortner filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination by Donnelley. In the

charge, she indicated by checking a box that the discrimination was based on her sex. In the

factual narrative of the charge, Fortner wrote:

> I am a female who started working for the organization on September 15, 2000.
> My present position with the Company is that of Material Handler. Over the
> course of the past 12 months, I have applied for the position of Hoist Operator
> two times. The first time I applied was in November, 2011. I was not awarded the
> position. Instead, a much younger male was given the job.
>
> I was more than qualified for the position. I believe more so than the employee
> who was selected. Further, I believe I had more years with the Company. It must
> be noted that when there is a need for a Hoist Operator to be relieved or when a
> Hoist Operator is away from the position for any great length of time, I am the
> individual the Company utilizes to fill in for that operator. There have been
> periods of many months when I have been asked and I have performed
> successfully the position of Hoist Operator.
>
> In July, 2012, I applied, once again, for the position of Hoist Operator. On or
> about 1 September, 2012, I received a letter informing me that I did not get the
> position. The individual who got the position was Mark Pettry. I believe I have
> had more experience in the position and more experience in the department than
> Mr. Pettry, however, he was given the job. The Company did not even grant me
> an interview.
>
> I believe I have been discriminated against by not being promoted into the Hoist
> Operator position because of my sex, in violation of Title VII of the Civil Rights
> Act of 1964, as amended.

Fortner's employment with Donnelley was terminated on September 28, 2012. The EEOC issued

Fortner a "Notice of Right to Sue" on February 11, 2013.

On April 15, 2013, Fortner filed the instant suit under Title VII of the Civil Rights Act of

1964. In her Complaint, Fortner alleges that she is entitled to relief because "I feel my

Manufacturing Supervisor's Tim Elmore and Erica Eppard were in the wrong by the step's they

took in terminating me." Fortner attached a narrative description of the circumstances leading to

her discharge, which the Court takes as true for the purposes of this motion.

One day in the summer of 2011, Fortner obtained an operating hoist from the mechanic

shop of Donnelley's facility. Hoists in the shop needing repair are "tagged," which indicates that

2

a hoist should not be used. Once a damaged hoist is repaired, the tag is removed and an employee may operate the hoist as needed. On this particular day, there were no hoist mechanics on duty during Fortner's shift. Fortner obtained a hoist without a repair tag and proceeded to operate it. However, the hoist began to malfunction soon afterward and Fortner informed her supervisor of the problem.

Defendant Tim Elmore, a manufacturing supervisor employed by Donnelley, subsequently presented Fortner with a "Formal Reminder" dated July 13, 2011. Fortner believes that a hoist mechanic informed a supervisor that the hoist in question had been tagged, leading Fortner's supervisor to believe that Fortner had purposefully removed the tag before obtaining and operating the hoist. On the day of the incident, not all of the hoists in the mechanic area had been tagged, but the next day when Fortner reported to work all of the hoists had been tagged.

In a separate incident, Fortner was observed using her cellphone at work by Defendant Erica Eppard, a manufacturing supervisor employed by Donnelley. Although Fortner was not given a written document regarding Donnelley's cellphone use policy and there are no posted cell phone policies on bulletin boards or in the office, a policy apparently existed. Specifically, when a "Secure Title" is being run, there are notices posted on bulletin boards and around the Donnelley office area advising that cellphone usage is prohibited. However, at the time of the incident, there was no "Secure Title" being run.

Fortner's employment was terminated by Donnelley on September 28, 2012. Fortner alleges in her Complaint that Donnelley was "in the wrong in [terminating Fortner] for these reasons." As a consequence of her termination, Fortner lost her seniority, vacation time, pay rate, and workplace pride.

### III.     DISCUSSION

The Defendants have now moved to dismiss Fortner's discriminatory discharge claim.

The Defendants make two arguments in support of their motion: (1) the discharge claim is

beyond the scope of her EEOC charge; and (2) Elmore and Eppard cannot be held individually

liable under Title VII. The Court addresses each argument in turn.

### A.  The EEOC Charge

The Defendants argue that because Fortner's wrongful discharge claim is wholly

inconsistent with and outside the scope of the failure to promote allegations of her EEOC charge,

this claim should be dismissed.

As a general rule, a Title VII plaintiff cannot bring claims that were not included in her

EEOC charge unless they are: (1) "like or reasonably related" to the charges already in the

EEOC claim, and (2) can be expected to grow out of an EEOC investigation of those charges.

*E.g.*, *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). "Like or reasonably

related" means the claims have a factual relationship between them. *Id.* at 501. To be "like or

reasonably related," the relevant claim and the EEOC charge "must, at minimum, describe the

same conduct and implicate the same individuals." *Moore v. Vital Prods., Inc.*, 641 F.3d 253,

257 (7th Cir. 2011) (quoting *Cheek,* 31 F.3d at 501); *see also Rush v. McDonald's Corp.*, 966

F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of

only certain instances of discrimination, and then seek judicial relief for different instances of

discrimination."). "The standard is a liberal one in order to effectuate the remedial purposes of

Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions."

*Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). This so-called "four corners"

rule serves two purposes: (1) it affords the EEOC an opportunity to settle the dispute between the employee and employer; and (2) it puts the employer on notice of the charges against it.

In the present case, Fortner's EEOC charge alleges that Donnelley failed to promote her to hoist operator because of her sex. Fortner's Complaint, however, asserts a claim for wrongful discharge on account of an apparent miscommunication about malfunctioning hoists and violation of a cell phone policy she did not know about. Fortner's wrongful discharge claim in her Complaint is therefore not "like or reasonably related" to her EEOC charge allegations. Likewise, Fortner's wrongful discharge claim cannot be reasonably expected to grow out of an investigation into Donnelley's alleged failure to promote her. In fact, according to Fortner, she was terminated after she filed her EEOC charge. As such, even the most liberal reading of the EEOC charge's factual narrative does not raise wrongful discharge. Accordingly, Fortner's claim under Title VII for wrongful discharge must be dismissed.

### B.  Individual Title VII Liability of Supervisors

The Defendants argue that Elmore and Eppard should be dismissed from this action as they cannot be held liable under Title VII. The Court agrees. Title VII gives an employee the right to sue her "employer" for discrimination. 42 U.S.C. §§ 2000e-2, -5(b). Supervisory employees do not, however, fall within Title VII's definition of employer. *Williams v. Banning,* 72 F.3d 552, 555 (7th Cir. 1995). Accordingly, Elmore and Eppard are entitled to dismissal.

### IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Defendants' motion to dismiss is **GRANTED.** However**,** district courts routinely do not terminate a case at the same time that they grant a motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint. *Foster v. DeLuca,* 545 F.3d 582, 584

(7th Cir. 2008); *see also Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004) (better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears). Such a result is appropriate here. Fortner shall have **until September 3, 2013**, to file an amended complaint that does not include claims that are outside the scope of her EEOC charge. If she does not do so by that date, this case will be dismissed with prejudice.

      SO ORDERED:   07/29/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.